### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROGER L. SIMPSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.  CIV-11-565-M |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

### REPORT AND RECOMMENDATION

Roger L. Simpson ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act.  This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and matter remanded for further proceedings.

### Administrative Proceedings

The record reveals that Plaintiff initiated these proceedings by filing his application seeking disability insurance benefits[1] in June, 2007 [Tr. 97 - 104 and 105 - 112].  He alleged that dementia, heat stroke, and a thyroid condition made him feel ill and fatigued and caused

---

[1] According to the ALJ and the parties [Tr. 9, Doc. No. 14, p.1, and Doc. No. 15, p. 1], Plaintiff also applied for supplemental security income payments.  A separate application is not contained in the record on appeal.

memory problems, all of which became disabling as of November 1, 2006 [Tr. 130 - 131]. Plaintiff's claims were denied and, at his request, an Administrative Law Judge ("ALJ") conducted a May, 2009 hearing where Plaintiff and a vocational expert testified [Tr. 28 - 44 and 65 - 66]. In his May, 2010 decision, the ALJ found that if Plaintiff stopped his substance use, he could perform work available in the national economy and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 9 - 23]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1 - 5], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that he has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claim of Error**

Plaintiff's contention on judicial review is the "[t]he decison of the ALJ fails for lack of substantial evidence in support of his findings that substance use disorder is a contributing factor material to the determination of disability such that the Plaintiff was not disabled." [Doc. No. 14, p. 5].

**Analysis**

The ALJ determined that Plaintiff was severely impaired by panic disorder, organic mental disorder, *and a substance abuse disorder* [Tr. 12]. He further determined that in light of these impairments, Plaintiff could perform neither his past relevant work nor any work in the national economy and, consequently, was disabled [Tr. 15 - 16]. Nonetheless, this did not end the ALJ's inquiry because under Social Security regulations, "[i]f we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability[.]" 20 C.F.R. §§ 404.1535(a), 416.935(a). Upon application of these regulatory provisions, the ALJ concluded that "[b]ecause the claimant would not be disabled if he stopped the substance use . . . , the claimant's substance use disorder is a contributing factor material to the determination of disability[.]" [Tr. 23]. The question on appeal is whether this finding is supported by substantial evidence.

The Tenth Circuit Court of Appeals has addressed the situation confronted by the ALJ in this case, one in which the claimant has other mental impairments – here, panic disorder and organic mental disorder – in addition to drug addiction or alcoholism ("DAA"), here, alcoholism.[2]  In *Salazar v. Barnhart,* 468 F.3d 615 (10th Cir. 2006), the court explained that

---

[2]Plaintiff maintains, in part, that there are no objective medical reports of alcohol abuse. Nonetheless, the undersigned's review of the record reveals a diagnosis by the consultative examining psychologist of "Alcohol Dependence" and "Rule Out Alcohol Induced Persisting Dementia" [Tr. 179]; a finding by the State agency psychological consultant that Plaintiff suffered from a substance addiction disorder [Tr. 181, 189, and 193];
(continued...)

the Commissioner of the Social Security Administration advised in a teletype with regard to the application of §§ 404.1535(a) and 416.935(a) "that if the effects of a claimant's mental impairments cannot be separated from the effects of substance abuse, the DAA is *not* a contributing factor material to a disability determination[.]" *Id.* at 623.[3]  The court specifically noted that "[w]ith regard to the materiality finding, the Commissioner's teletype further directs that where a medical or psychological examiner cannot project what limitations would remain if the claimant stopped using drugs or alcohol, the disability examiner should find that DAA is *not* a contributing factor material to the disability determination[.]" *Id.*

In response to Plaintiff's contention that substantial evidence does not support the ALJ's determination that Plaintiff would not be disabled in the absence of his substance use disorder, the Commissioner acknowledges that "Plaintiff correctly points out that the Tenth Circuit observed in dicta that when it is not possible to separate limitations imposed by substance abuse from limitations imposed by other mental disorders, a finding of 'not

---

[2](...continued)
and, a diagnosis by a physician at Red Rock Behavioral Health Services of "Alcohol Dependence." [Tr. 238].  Thus, the record plainly contains medical evidence of alcoholism.

[3]In this regard, the teletype notes that

> The most complicated and difficult determinations of materiality will involve individuals with documented substance use disorders and one or more other mental impairments.  In many of these instances, it will be very difficult to disentangle the restrictions and limitations imposed by the substance use disorder from those resulting from the other mental impairment(s).

*Salazar v. Barnhart,* 468 F.3d 614, 623 (10th Cir. 2006).

material would be appropriate.'" [Doc. No. 15, p. 8]. The Commissioner does not expand on his assertion that this constitutes dicta by the court. And, while the Tenth Circuit stated in *Salazar* that it was not legal error for an ALJ to fail to specifically refer to the Commissioner's teletype, the court's reversal of the ALJ's decision was grounded, in part, on its holding that there must be substantial evidence to support a finding that the claimant would not be disabled in the absence of the claimant's substance abuse. *Salazar,* 468 F.3d at 624. In other words, the court found that where, as here, there is a documented substance use disorder and other mental impairments, there must be substantial evidence to support the ALJ's determination that if Plaintiff stopped his substance abuse, he would not be disabled on the basis of his other mental impairments alone. *Id.*

The Commissioner fails to direct the court to any opinion by any medical source as to Plaintiff's remaining limitations if he stopped using alcohol. Instead, he maintains that "it is the ALJ, not a physician, that is charged with determining a claimant's limitations from the medical record as a whole." [Doc. No. 15, p. 10]. And , according to the Commissioner, "the ALJ, in the case at bar, found it possible to separate the mental restrictions Plaintiff had while abusing alcohol and those that he would have absent the effects of substance abuse." *Id.*

With regard to such findings, and as the Commissioner recites, in July, 2008 Plaintiff was brought to the emergency room by a sheriff after threatening to use a machete to kill anyone who approached him [Tr. 222, Doc. No. 15, p. 6]. Plaintiff, who admitted to drinking and had a strong alcohol smell, was released to the authorities for voluntary commitment to

the Red Rock West Behavioral Health Services, Inc. Crisis Stabilization Unit [Tr. 222, 223, 224, and 238]. There, Plaintiff's "Presenting Crisis Situation" was described as depression with auditory and visual hallucinations; having no memory of the machete incident; and, consumption of a six to twelve pack on a daily basis [Tr. 238]. He was diagnosed with both Mood Disorder[4] and Alcohol Dependence and assigned a Global Assessment of Functioning ("GAF")[5] score of 18.[6] *Id.* His highest score in the past year was assessed at 35.[7] *Id.*

In connection with these events, the ALJ noted that "[d]uring the period of adjudication, the claimant had one instance of impatient health care following an episode involving alcohol use." [Tr. 14]. He further noted that at the time of Plaintiff's discharge from the crisis center – four days from his admission – "the claimant reported improvement of mood and that he was eating and sleeping well. He stated he would like to stop drinking." [Tr. 15]. Nonetheless, the ALJ failed to note that Plaintiff's GAF assessment at discharge

---

[4]With regard to Plaintiff's mood disorder diagnosis, the State agency psychological consultant found that Plaintiff suffered from a personality disorder [Tr. 181 and 188], but the ALL failed to include the disorder as one of Plaintiff's mental impairments [Tr. 12].

[5]"GAF" is the abbreviation for "Global Assessment of Functioning" and is a scale utilized by clinicians to reflect overall level of functioning. See American Psychiatric Assoc., *Diagnostic and Statistical Manual of Mental Disorders* 32 4th ed., Text Revision, 2000) (DSM-IV-TR).

[6]A GAF of 11 - 18 is reflective of "[s]ome danger of hurting self or others[.]" DSM-IV-TR, at p. 34 (emphasis deleted).

[7]A GAF of 31 - 40 is assessed when there is "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work[.]"). DSM-IV-TR, at p. 34 (emphasis deleted).

was only 32[8] and that he was found to require "co-occurring" mental health and substance abuse treatment [Tr. 236]. The result of Plaintiff's treatment at the crisis center is not substantial evidence to support the ALJ's conclusion that without substance use Plaintiff would not be disabled as a result of his remaining mental limitations. To the contrary, while Plaintiff certainly improved in the sheltered environment, the absence of alcohol did not significantly impact his extremely serious mental health issues. *See Salazar,* 468 F.3d at 624 - 625.

Contrary to the Commissioner's claim, the ALJ failed to adequately separate the limitations imposed by Plaintiff's substance abuse from limitations imposed by his remaining mental disorders. The ALJ's determination that Plaintiff "would not be disabled if he stopped the substance use" lacks the support of substantial evidence as, consequently, does his finding that Plaintiff's substance use is a contributing factor material to the determination of disability [Tr. 23], and remand for additional proceedings is required.[9]

---

[8] Once again, and as noted by the court in *Salazar,* "[a] GAF of 31 - 40 is extremely low[.]" *Salazar v. Barnhart,* 468 F.3d 615, 624, n.4 (10th Cir. 2006).

[9] Citing to the decision by the *Salazar* court to award benefits rather than to remand for further fact-finding, Plaintiff likewise requests an award of benefits [Doc. No. 14, pp. 14 - 15]. *Salazar v. Barnhart,* 468 F.3d 615, 626 (10th Cir. 2006). In *Salazar,* however, the claimant had reapplied for benefits and was receiving them at the time of the Tenth Circuit's decision. *Id.* at n.6. Thus, the *Salazar* court was considering a closed period. Here, in light of Plaintiff's supplemental security income claim, the relevant period has not closed and additional fact-finding will necessarily occur.

**RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by January 10, 2012, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 21st day of December, 2011.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE